———o———

VINCENT BRUCE AND CORINTHA BRUCE, Respondents, *vs.* WILLIAM H. LEARY, *et al.*, Appellants.

1. *Execution sale, in session of County and not of Circuit Court void.*—An execution sale of land otherwise regular, but made during a session of the County Court, and not shown to be made during a term of the Circuit Court, and a deed made under such sale, would be absolutely void, both in direct and collateral proceeding.

### Appeal from Linn Circuit Court.

*Mullins & Boardman*, for Appellants, cited in argument Merchants Bank vs. Evans, 51 Mo., 335; McClurg vs. Dollarhide, 51 Mo., 347.

*G. W. Easley and G. D. Burgess*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment brought by the plaintiffs against the defendant in the Linn Circuit Court, to recover the West half of Section thirty-six, in Township fifty-eight, of Range 21, in Linn County, Missouri. The petition is in the usual form. After the service of the summons, by the permission of the court, the children and heirs of the deceased wife of the defendant (who it was claimed, was the owner of

part of the land at her death), and who were also the children of the defendant, were also made parties defendant to the action.

The defendants after this filed a joint answer to the plaintiffs' petition. In their answer they deny that the plaintiffs at the time named in their petition, or at any time, were entitled to the possession of the premises described in the petition or any part thereof; they deny that at any time, they, or either, or any of them, entered into the possession of said premises or any part thereof, except the east half of the south-west quarter of the section named in the petition; deny that they, or either of them have ever withheld any other part of said land from the plaintiff. They aver, that their possession of said east half of said south-west quarter of said section, was lawful and not in violation of the rights of plaintiffs; but that said portion of said land belonged to defendants. The defendants also set up the statute of limitations as a defense to the plaintiffs' action, so far as said east half of said quarter-section of land was concerned. There is no controversy in the case in regard to any part of the land named in the petition, except as to the 80 acres claimed by defendant; no evidence being introduced, tending to prove that the defendants, or any of them, had ever been in the possession of any other part of the land. The plaintiffs, on the trial, in order to maintain the issues on their part, introduced in evidence a deed executed by the United States Marshal of the Western District of the State of Missouri, which purported to convey (among other lands) the land in controversy as the lands of William H. Leary to William H. Brownlee.

The deed recited that at the October term of the United States Circuit Court, within and for the District of Missouri, in the year 1860, William H. DeGraw recovered a judgment against William H. Leary and Thomas Hancock for the sum, &c.; that on the 15th day of October, 1860, an execution issued on said judgment, which was delivered to said marshal and was levied by him on the land in controversy, and that after said land had been advertised for 20 days as the law di-

rects, said marshal did on the 4th day of February, 1861, be-
fore the door of the Court House in Linn County, offer said
land for sale at auction to the highest bidder, while the Coun-
ty Court of said county was in session, &c; and that, at said
sale, said Greenlee became the purchaser of said land, &c.
The deed proceeded to convey said land to said Greenlee in
the ordinary form. In fact, there is no objection to the form
of the deed, if it was lawful for the marshal to sell the land
at a session of the County Court, in place of selling the same
during a term of the Circuit Court of said county.

The defendants objected to the reading of the deed in evi-
dence, because it was shown on the face of the deed that the
land described therein was not sold by the marshal while the
Circuit Court was in session, but was sold by the marshal
while the County Court was in session.

This objection was overruled by the court, and said deed
read in evidence; to which reading defendants excepted. The
plaintiffs then read in evidence a deed from said Greenlee,
conveying or purporting to convey the land in controversy to
the female plaintiff who is the wife of her co-plaintiff. This
deed is in the usual form, and said deeds constitute all of the
evidence offered by the plaintiffs, tending to show their right
or title to the land in controversy.

The defendants then offered some evidence on their part,
which, from the view that we have taken of the case, need not
be stated.

At the close of the evidence, the court, at the request of the
plaintiffs, among other instructions gave the jury the following:

"If the jury believe from the evidence that William H.
Leary was in possession of the E. 1-2, S-W. 1-4, 36, 58, 21,
on and prior to the 4th day of October, 1860, and remained
in possession of the same till the time of the commencement
of this suit (Aug. 30, 1869), then the deed from the U. S.
Marshal to W. H. Brownlee and the deed from W. H. Brown-
lee to Corintha Bruce conveys to Mrs. Bruce whatever inter-
est the said W. H. Leary had in said land, and the said W.
H. Leary cannot show an outstanding title in the other defend-

ants to defeat the plaintiffs recovery in this action, and the jury should find for plaintiffs."

This instruction was objected to by the defendants, but their objections were overruled and they excepted. There were other instructions given and refused by the court, but which cannot effect the merits of the case, and will not be noticed in this opinion.

The jury found for the plaintiffs; the defendants filed their several motions for a new trial and in arrest of judgment, which being severally overruled by the court, and final judgment rendered in favor of plaintiffs for the recovery of the land, the defendants have appealed to this court.

The only question which it is necessary to examine in this case, is as to the effect of the deed of the Marshal of the United States, purporting to convey the land in controversy to Greenlee; for if Greenlee received no title by virtue of said deed he could convey none to the plaintiffs, and if the plaintiffs had no title they cannot recover. It was not necessary for the defendants, if the plaintiffs had no title, to show a title, either in themselves or in a stranger. It appears on the face of the deed executed by the marshal to Greenlee; that the sale of the land made by the marshal was made at the Court House door of Linn County, during the session of the County Court, and the question is, did this deed have the effect to confer any title on Greenlee? If not, the plaintiffs cannot recover. This very question was before this court in the case of Merchants' Bank vs. Evans, 51 Mo., 335. In that case, after a full review of all the law and authorities on the subject, it was held that a sale of land, otherwise regular, but made during the session of the County Court by the marshal under an execution, and not shown to be during a term of the Circuit Court, and a deed made under such sale would be absolutely void, and would be held so, not only in a direct proceeding, but also in a collateral way. That decision disposes of this case.

It was erroneous in the court below to admit the marshal's deed in evidence, and the instruction given by the court, telling the jury, that the deed had the effect of conveying to Greenlee whatever title Leary had in the land, was also erroneous.

There were other questions raised by the parties in this case; but as the question already considered finally disposes of the case, it is not necessary to pass upon any other question.

The judgment must be reversed and the cause remanded. The other judges concur.